

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alton C. Arnold
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-6672
Re: Construction of Article
1466, Vernon's Annotated
Civil Statutes.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Mr. R. A. Parker of Matagorda, Texas, is desirous of placing two bridges across the San Bernard River at points near Sweeny, Brazoria County, Texas. One of the bridges is a connecting length for an abandoned road where the river was formerly traversed by means of a ferry. Both projects are to be privately owned and operated, but are to be open to the public without charge. Of course, the chief purpose of the bridges is the furtherance of Mr. Parker's business and the promoting of the development of oil in this particular section.

"Brazoria County has given its consent for the construction of these bridges, and the Federal Government, after a hearing, stands ready to grant its permission; however, Mr. R. B. Gillette, Jr., of the United States Engineers' Office at Galveston, Texas, is not sure of the sufficiency of the legal authority under Article 1466 of the Revised Civil Statutes of the State of Texas for an individual to construct such bridges at the points designated,

but says that a statement by the Attorney General
of the State of Texas, to the effect that Article
1466 is sufficient legal authority, will be ac-
ceptable as to the sufficiency.

"Your opinion on this matter at an early date
will be highly appreciated."

Article 1466, Vernon's Annotated Texas Civil Statutes
reads as follows:

"Article 1466. Authority to build. -- Any
person, corporation or association of persons,
hereinafter called the owner, may purchase, build,
construct, own, maintain and operate a combination
bridge, dam, dike, causeway and roadway across any
arm of the Gulf of Mexico or inlet thereof, or any
of the saltwater bays, wholly within the limits of
this State, to provide a causeway, roadway or high-
way for vehicles, teams, pedestrians, railroads, and
for every character of inland transportation. (Acts
1913, p. 331.)"

The expression "gulf waters" like the word "sea"
includes not only the high seas, but the bays, inlets and
rivers as high up as the tide ebbs and flows. See the fol-
lowing authorities:

Mannheim Ins. Co. v. Charles Clarke & Co.,
157 S. W. 291
Crary v. Port Arthur Channel & Dock Co.,
47 S. W. 967
City of Galveston v. Mann, 143 S. W. (2d)
1028
Lorino v. Crawford Packing Co., 175 S. W.
(2d) 410

You do not state in your letter whether the San
Bernard River, at the places where the bridges are proposed
to be constructed, is subject to the ebb and flow of the tide.
We have consulted the general highway map of Brazoria County,
Texas, prepared by the State Highway Department of Texas in
1936. This map shows that the San Bernard River passes the
town of Sweeny about 2 miles to the East and for a distance
of approximately 20 miles, more or less, pursues a southeast-
erly course until it reaches Cedar Lake, an inlet of the Gulf
of Mexico, and thence into the Gulf of Mexico.

The question as to whether the portions of the San Bernard River, where the bridges are proposed to be constructed, are subject to the ebb and flow of the tide, is a question of fact, which will determine the applicability or non-applicability of Article 1466, V. A. C. S.

If such portions of the San Bernard River (where the bridges are proposed to be constructed) are subject to the ebb and flow of the tide Article 1466, supra, will be applicable to the situation inquired about.

Conversely if such portions of the river are not subject to the ebb and flow of the tide Article 1466, supra, will not be applicable to the situation inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Wm. J. Fanning
                Assistant

WJF:fb

APPROVED JUL 9 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN